## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOANNA R. YBARRA,**

     **Plaintiff,**

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

     **Defendant.**

**Case No. 19-2644-DDC-KGG**

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings (Doc. 22) on Count I of plaintiff's Petition (Doc. 1-1). Plaintiff filed a Response to the motion (Doc. 27) and defendant filed a Reply (Doc. 31). The court considers the motion and the parties' various arguments below and, for reasons explained by this Order, denies defendant's motion.

**I.  Factual Background**

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court accepts the well-pleaded factual allegations in the complaint as true and views them in the light most favorable to plaintiff. *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000). Applying this standard, the following facts from plaintiff's Petition[1] (Doc. 1-1) govern defendant's motion.

---

[1]     A brief explanation about the naming conventions used in this Order: the court uses the term "Petition" because plaintiff originally filed this action in the District Court of Wyandotte County, Kansas. She properly used the term Petition to describe her initial pleading there, *see* Kan. Stat. Ann. § 60-207(a), and since our court docketed that pleading using the same designation, *see* Doc. 1-1, this Order refers to the pleading in the same fashion. Also, the moving party here is defendant Experian Information Solutions, Inc. It is the lone remaining defendant. So, for simplicity, this Order refers to defendant Experian simply as "defendant."

Plaintiff filed for bankruptcy in the District of Kansas in October 2014.  Doc. 1-1 at 3 ¶ 16; Doc. 23 at 5 n.2.[2]  "After the bankruptcy [action] was filed, Plaintiff was issued two credit cards" by the Bank of Missouri to begin rebuilding her credit.  *Id.* at 3–4 ¶¶ 17–18.  "Plaintiff received a discharge on February 26, 2018 which did not include the t[w]o Bank of Missouri accounts."  *Id.* at 4 ¶ 19.  After the bankruptcy discharge, defendant, a credit reporting agency ("CRA"), reported the credit cards "as included in bankruptcy and discharged."  *Id.* at 4 ¶ 20.  This report was false.  *Id.* at 3 ¶ 22.  Defendant's incorrect reporting of the two credit cards as discharged in plaintiff's bankruptcy harmed plaintiff's ability to rebuild her credit.  *Id.* at 4 ¶¶ 22–25.  Plaintiff contends that defendant has "no reasonable means of monitoring or updating accounts that should not be listed as included in bankruptcy," or "preventing[ing] furnishers from inserting information that contradicts its system."  *Id.* at 4 ¶ 26.

"On July 23, 2018, Plaintiff, through her bankruptcy attorney, notified all Defendants of the misreporting."  *Id.* at 4 ¶ 28.  Defendant "failed to correct the inaccuracies and reverified to Plaintiff that the reporting was accurate."  *Id.* at 7 ¶ 41.  "Plaintiff disputed the inaccuracy" a second time.  *Id.* at 6 ¶ 39.

"The credit reports still show the discharged accounts as owing and able to be enforced and collected."  *Id.* at 4 ¶ 27.  "The inaccurate information negatively reflects upon the Plaintiff,

---

[2]      Defendant notes the Petition erroneously lists the bankruptcy date as February 2016.  Doc. 23 at 5 n.2.  The court "may 'take judicial notice of its own files and records, as well as facts which are a matter of public record,' without converting a motion to dismiss into a motion for summary judgment."  *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)).  "However, '[t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein.'"  *Tal*, 453 F.3d at 1264 n.24 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).  This principle includes the dates when things were filed with the bankruptcy court.  According to the docket for the bankruptcy court in the District of Kansas, plaintiff filed for bankruptcy in October 2014.  Chapter 13 Voluntary Pet., *In re Ybarra*, No. 14-22502 (Bankr. D. Kan. Oct. 20, 2014), ECF No. 1.  The filing date erroneously asserted by the Petition does not affect the analysis because the bankruptcy filing still occurred before plaintiff acquired the two Bank of Missouri credit cards at issue in plaintiff's allegations.  Doc. 1-1 at 3 ¶ 17.

Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness." *Id.* at 5 ¶ 31. "Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about the Plaintiff's credit worthiness." *Id.* at 5 ¶ 30.

Count I of plaintiff's Petition alleges defendant violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x. Specifically, plaintiff alleges that defendant willfully and negligently violated § 1681e(b) for failing to follow reasonable procedures to assure accuracy in its reporting. Doc. 1-1 at 6 ¶ 38. Separately, plaintiff also alleges defendant willfully and negligently violated § 1681i by failing to use reasonable procedures when reinvestigating plaintiff's disputes. *Id.* at 7 ¶ 42. Defendant now invokes Federal Rule of Civil Procedure 12(c) for judgment on the pleadings against plaintiff's two FCRA claims asserted in Count I. Doc. 22.

## II.  Legal Standard

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). The court can grant a motion for judgment on the pleadings only when the factual allegations in the Petition fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Federal Rule of Civil Procedure 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action'" which, the Supreme Court has explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). Although the court must assume that the Petition's factual allegations are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged." *Silver v. Glass*, 459 F. App'x 691, 695 (10th Cir. 2012) (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).

"[T]he court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017). The court's function at this stage "'is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)); *see also Brokers' Choice*, 861 F.3d at 1104–05 (dismissal is appropriate "if the complaint alone is legally insufficient to state a claim").

### III. Analysis

Defendant asks the court to dismiss Count I of plaintiff's Petition in its entirety. This claim alleges broadly that defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. "Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Here, plaintiff asserts two FCRA claims in Count I, each one invoking a different provision in the Act. *First*, plaintiff claims that defendant failed to use "reasonable procedures to assure maximum possible accuracy" of the information reported about her. This is an element of a claim under 15 U.S.C. § 1681e(b). *Second*, Count I asserts that defendant failed to "conduct a reasonable reinvestigation" to determine whether information it had provided about plaintiff—information she later disputed—was inaccurate. 15 U.S.C. § 1681i(a)(1)(A).

Plaintiff's two claims rely on two distinct duties imposed by the FCRA. Section 1681e(b) of the Act requires that "[w]henever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." A different provision in the Act requires, when a consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file at a [CRA]," the CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days after receiving notice of the dispute. 15 U.S.C. § 1681i(a)(1)(A). Plaintiff alleges defendant willfully and negligently violated both FCRA provisions thus making defendant liable under § 1681n (willful violations) and § 1681o (negligent violations).

Defendant makes three arguments supporting its request for judgment against both of Count I's claims.  *First*, defendant argues that Count I fails to state an inaccurate reporting claim under § 1681e(b).  Defendant contends that it cannot incur FCRA liability for inaccurately reporting information about plaintiff's bankruptcy because the FCRA doesn't require a CRA like defendant to analyze complex legal documents such as bankruptcy filings when compiling a consumer report.  *Second*, defendant contends plaintiff fails to state a reasonable reinvestigation claim under § 1681i based on her two post-bankruptcy petition credit cards.  Defendant argues that plaintiff alleges no facts capable of supporting a finding that it failed to reinvestigate her dispute reasonably.  *Last*, and even if plaintiff has stated an FCRA claim, defendant contends she has alleged no facts capable of supporting a finding that it "willfully" violated the FCRA.  The court addresses each argument, in turn, below.

### A.   Does Plaintiff Sufficiently Plead that Defendant Violated § 1681e(b) for Reporting Inaccurate Information on a Consumer Credit Report?

Controlling authority from our Circuit identifies the elements of an inaccurate reporting claim under § 1681e(b).  In our Circuit, such a claim requires proof that:  (1) defendant "failed to follow reasonable procedures to assure the accuracy of its reports; (2) the [credit] report in question was, in fact, inaccurate; (3) [plaintiff] suffered injury; and (4) [defendant's] failure caused [plaintiff's] injury."  *Wright v. Experian Info. Sol., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015) (quoting *Eller v. Trans Union, LLC*, 739 F.3d 467, 473 (10th Cir. 2013), *cert. denied*, 572 U.S. 1101 (2014)).

The current motion only challenges the pleading sufficiency of this formulation's first element, *i.e.*, whether plaintiff adequately pleaded that defendant "failed to follow [the] reasonable procedures" requirement of a § 1681e(b) claim.  *See* Doc. 23 at 1.  According to defendant's papers, "[c]ourts routinely h[o]ld that § 1681e(b) does not require CRAs to engage

6

in the type of legally complicated analysis Plaintiff's argument would require." Doc. 23 at 8.[3] Defendant asks the court to find defendant's procedures reasonable as a matter of law because "there is no reason why [defendant] could not or should not rely on the furnisher of the debt to accurately report to it the debt's status without some allegation that the furnisher was known to be unreliable or untrustworthy." *Id.* Defendant then asserts, "the FCRA does not, as a matter of law, require CRAs to engage in an individualized and legally complicated review of bankruptcy dockets and similar legal proceedings to form its own conclusions about a debt's technical legal status." *Id.* at 2. The FCRA is not a strict liability statute, defendant correctly points out, and simply pleading an inaccuracy, by itself, cannot sustain a claim under § 1681e. *Id.* at 8.

Plaintiff responds that the "reasonableness" component of the reasonable procedures element presents a jury question and plaintiff merely must plead an inaccuracy to "establish a prima facie case under § 1681e(b)." Doc. 27 at 3, 9. Plaintiff also asserts—albeit not in her Petition—that defendant already uses a pre-bankruptcy reporting procedure in the Chapter 7 bankruptcy context, and defendant reasonably could apply that same procedure to Chapter 13 post-bankruptcy reporting. Doc. 27 at 9–14. According to plaintiff, this approach would prevent inaccuracies like the one alleged in this case—listing two active credit cards as discharged in

---

[3]     Plaintiff's Petition also alleges defendant has no reasonable means of "prevent[ing] furnishers from inserting information that contradicts its system." Doc. 1-1 at 4 ¶ 26. Defendant argues plaintiff fails to plead any facts supporting a plausible inference "that [defendant] prevents furnishers from conveying information post-bankruptcy." Doc. 23 at 8–9, 13–14. Plaintiff's response doesn't address this argument. *See* Doc. 27. So, the plaintiff may have abandoned its allegation that defendant "prevent[ed] furnishers from conveying information post-bankruptcy." Doc. 1-1 at 4 ¶ 26. *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768–69 (10th Cir. 2001) (affirming district court's dismissal of plaintiff's equal protection claim after it concluded that plaintiff had abandoned the claim because he had not addressed it in his memorandum opposing summary judgment); *see also C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1337 (D. Kan. 2008) (concluding that plaintiff had abandoned his retaliation claim by not responding to defendant's motion for summary judgment against the claim).

bankruptcy.  *Id.* at 11 (citing Approval Order Regarding Settlement and Release, *White v. Experian Info. Sols., Inc.*, No. 05-1070-DOC-MLG (C.D. Cal. Aug. 19, 2008), ECF No. 338).

The reasonableness requirement adopted in § 1681e(b) generally requires a fact-laden inquiry.  As our Circuit recognized in *Wright*, "[o]ther circuits applying § 1681e(b) have recognized the 'reasonableness of the procedures' is a fact-dependent inquiry."  *Wright*, 805 F.3d at 1239 (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).

This recognition doesn't mean that a trial is required in every reasonable procedures case, however.  In *Wright*, for example, the Tenth Circuit affirmed a district court's decision awarding summary judgment based on the reasonable procedures element of a § 1681e(b) claim.  805 F.3d at 1241.  As the district court had done, the Circuit held that the "CRAs' reliance on LexisNexis to report the tax lien on [plaintiff's] credit report was reasonable."  *Id.*  So, the Circuit affirmed "the district court's determination that the CRAs employed reasonable procedures under § 1681e(b) . . . ."  *Id.*

*Wright*'s view of this issue isn't an outlier.  Several sister circuits have recognized that it's appropriate, in the right circumstances, to grant summary judgment against a § 1681e(b) claim based on the reasonable procedures element.  *See, e.g.*, *Crabill v. Trans Union, LLC*, 259 F.3d 662 (7th Cir. 2001).  In *Crabill*, Judge Posner concluded that "reasonableness" in the FCRA context "cannot be resolved on summary judgment unless the reasonableness or unreasonableness of the procedures is beyond question."  *Id.* at 664.  But, Judge Posner also cautioned that "determination of the 'reasonableness' of the defendant's procedures, like other questions concerning the application of a legal standard to given facts (notably negligence, a failure to exercise reasonable care), is treated as a factual question even when the underlying facts are undisputed."  *Id.*  The Third Circuit has expressed a similar view.  "[T]he

8

reasonableness of a credit reporting agency's procedures is 'normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'" *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010) (quoting *Sarver v. Experian Info. Sol.*, 390 F.3d 969, 971 (7th Cir. 2004)); *see also Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) (determining the reasonableness of procedures "will be a jury question in the overwhelming majority of cases.").

Here, the case hasn't reached the summary judgment stage. Instead, defendant's motion asks the court to enter judgment against the § 1681e(b) claim by holding that defendant's procedures are reasonable *based on facts alleged in the pleadings*—the procedural equivalent of a motion to dismiss. To be sure, some courts—including this one—have resolved § 1681e(b) claims at the motion to dismiss stage. But these dismissals all turned on elements other than the reasonable procedures element. For example, in *George v. Chex Systems, Inc.*, Judge Marten of our court dismissed a § 1681e(b) claim under Rule 12(b)(6). 16-2450-JTM, 2017 WL 119590, at *2 (D. Kan. Jan. 12, 2017). But the court dismissed that claim because plaintiff had failed to allege that his credit report contained an inaccuracy. *Id.*

Defendant's motion here doesn't direct the court to a single case where a court has granted judgment on the pleadings based on the reasonable procedures element. Nor has defendant identified a case granting a Rule 12(b)(6) motion based on this element. This omission is telling, but it's not decisive. *Twombly* and *Iqbal* still require plaintiff to plead "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (discussing *Twombly*, 550 U.S. at 556). As applied here, this requirement obligated plaintiff to plead facts—not just conclusions or

rhetorical flourishes—allowing a reasonable jury to find that defendant failed to use reasonable procedures. The Petition's allegations on this front are meager.

In paragraph 26, the Petition alleges that the two Credit Reporting Agency defendants "have no reasonable means of monitoring or updating accounts that should not be listed as included in bankruptcy after it sweeps credit reports" following a discharge from bankruptcy. Doc. 1-1 at 4. Plaintiff also alleges that defendants have no reasonable means to "prevent[] furnishers from inserting information that contradicts its system for" credit sweeps. *Id.* These allegations make for a close call because, in some real sense, they sound like the inadequate "labels and conclusions" or "a formulaic recitation of the elements" of the claim. Such mantras, the Supreme Court has emphasized, just won't do. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). But on the other side of the argument, plaintiff's factual theory alleges that defendant applied no "means of monitoring or updating accounts" that a credit report shouldn't list. Doc. 1-1 at 4 ¶ 26. Plaintiff's Response to the motion amplifies her factual theory of the case. There, she argues that defendant uses a pre-bankruptcy reporting procedure in the Chapter 7 bankruptcy context, defendant reasonably could apply that same procedure to Chapter 13 post-bankruptcy reporting, and it hasn't. Doc. 27 at 9–14. Given that this is plaintiff's factual theory of the reasonable procedures element of her claim, it's difficult to identify how much more she could have alleged.

By a narrow margin, plaintiff has given "the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support" for this element of her § 1681e(b) claim. *Ridge at Red Hawk, LLC*, 493 F.3d at 1177. Given these allegations and defendant's failure to identify any case granting a motion to dismiss or one for judgment on the pleadings based on the reasonable procedures element, the court denies defendant's motion for judgment on the

pleadings against Count I's § 1681e(b) claim.  Time will tell whether plaintiff can muster the requisite factual support to survive summary judgment.  For now, though, the court concludes that plaintiff has discharged her pleading burden.

**B.      Does Plaintiff Sufficiently Plead a Violation of § 1681i for Failing to Use Reasonable Procedures in Reinvestigation?**

Next, the court turns to plaintiff's § 1681i claim alleging defendant used unreasonable procedures in its reinvestigation.  Defendant argues, "Plaintiff has identified nothing unreasonable about [defendant]'s reinvestigation but instead premises her claim solely on the continued existence of an inaccuracy in her credit report—a theory of liability not supported by the FCRA."  Doc. 23 at 15.  Defendant argues plaintiff's Petition can be read to allege "[defendant] received and processed Plaintiff's dispute, communicated the dispute to Bank of Missouri, and ensured that the information in Plaintiff's credit file was consistent with the Bank of Missouri's response."  *Id.*  Defendant argues that this is a reasonable reinvestigation under 15 U.S.C. § 1681i, as a matter of law.  *Id.*

Plaintiff responds, arguing that defendant essentially "parroted" information when it marked the two credit cards as being included in the bankruptcy without further investigation and defendant thus performed an insufficient reinvestigation.  Doc. 27 at 14.  Plaintiff alleges she disputed the credit card account information presented on her credit report twice.  Doc. 1-1 at 4 ¶ 28, 6 ¶ 39.  Plaintiff also alleges defendant "responded by contacting the Bank of Missouri to notify it of Plaintiff's dispute, in response to which the Bank of Missouri either failed to acknowledge the disputes or provided [defendant] with false information about [p]laintiff's credit cards."  Doc. 23 at 15 (citing Doc. 1-1 at 7, 8 ¶¶ 41, 47).  Plaintiff argues that defendant, at minimum, should have deleted the information if it couldn't verify it instead of continuing to

report the inaccuracy.  Doc. 27 at 14.  Plaintiff asserts these facts support a plausible finding that defendant failed to use reasonable procedures in its reinvestigation.  The court agrees.

The court concludes that plaintiff has pleaded a plausible claim under 15 U.S.C. § 1681i that defendant failed to use "reasonable procedures" in its reinvestigation of the inaccurate information after plaintiff notified defendant twice of the inaccuracies.  "Sections 1681e(b) and 1681i(a) require CRAs to assure the accuracy of their consumer files and reports."  *Collins v. Diversified Consultants Inc.*, 754 F. App'x 714, 720 (10th Cir. 2018).  "'To prevail on a § 1681i(a) claim . . . plaintiffs must prove essentially the same elements as those for a § 1681e(b) claim—unreasonable procedures in reinvestigating a report, inaccuracy of the report, injury, and causation—in addition to proving they informed the CRA about the inaccuracy.'"  *Id.* at 720–21 (quoting *Wright*, 805 F.3d at 1242).

"Although § 1681i(a) does not define the term 'reasonable reinvestigation,' courts have consistently held a reasonable reinvestigation requires more than 'making only a cursory investigation into the reliability of information that is reported to potential creditors.'"  *Wright*, 805 F.3d at 1242 (quoting *Cortez v. Trans Union, LLC*, 617 F. 3d 688, 713 (3d Cir. 2010)).  "Judgment as a matter of law, even if appropriate on a § 1681e(b) claim, thus may not be warranted on a § 1681i(a) claim."  *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).  "'[A] credit reporting agency that has been notified of potentially inaccurate information in a consumer's credit report is in a very different position than one who has no such notice.'"  *Wright*, 805 F.3d at 1242 (quoting *Henson v. CSC Credit Serv.*, 29 F.3d 280, 286 (7th Cir. 1994) (internal quotations and citations omitted)).  "'In short, when one goes from the § 1681e(b) investigation to the § 1681i(a) *re*investigation, the likelihood that the cost-benefit analysis will shift in favor of the consumer increases markedly.'"  *Id.* (quoting *Cushman*, 115 F.3d at 225).

"The question of whether a reinvestigation is reasonable is generally one for the jury, except 'in cases where CRAs clearly employ reasonable procedures, the issue may be decided on summary judgment.'" *Pembroke v. Trans Union, LLC*, No. 16-CV-03194-CMA-STV, 2017 WL 8897173, at *8 (D. Colo. Oct. 27, 2017) (quoting *Wright*, 805 F.3d at 1239).

"[W]here a CRA is affirmatively on notice that information received from a creditor may be suspect, it is unreasonable as a matter of law for the agency to simply verify the creditor's information through the [automated consumer dispute verification] process without additional investigation." *Bradshaw v. BAC Home Loans Serv., LP*, 816 F. Supp. 2d 1066, 1073–74 (D. Or. Sept. 27, 2011).  "A credit reporting agency cannot rely on the fact that i[t] has established some procedures, but must prove by a preponderance of the evidence that such procedures are reasonable to address the specific dispute presented." *Lee v. Security Check, LLC*, No. 3:09-cv-421-J-12TEM, 2010 WL 3075673, at *12 (M.D. Fla. Aug. 5, 2010).

"The grave responsibility imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources." *Crane v. Trans Union, LLC*, 282 F. Supp. 2d 311, 317 (E.D. Pa. 2003) (quoting *Cushman*, 115 F.3d at 225).  "Therefore, a reinvestigation that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute." *Id.*  The "obligation to conduct a reasonable investigation may increase the cost and expense to a CRA," but, "it is the necessary cost associated with discharging the congressionally mandated duties . . . and, in the majority of cases, such as this, it passes to the trier of fact to decide whether the CRA fulfilled its obligations." *Burke v. Experian Info. Sols., Inc.*, No. 1:10-cv-1064(AJT/TRJ), 2011 WL 1085874, at *7 (E.D. Va. Mar. 18, 2011).  In *Burke*, the court held it could not determine at the summary judgment stage that the CRA had employed reasonable procedures in its

reinvestigation because, in part, "the consumer reports that [the CRA] prepared based on the responses it did receive from [the furnisher] not only failed to indicate that the [furnisher] account was disputed but also stated that the account was 'verified.'" *Id.* The CRA "refused to do anything further" in response to the consumer's letter notifying the CRA of the dispute. *Id.* The court thus determined a reasonable fact finder could find the CRA "acted reasonably under the circumstances" but it also could reach the opposite conclusion. *Id.* So, summary judgment wasn't warranted. *Id.*

Unlike the § 1681e(b) claim, the parties supply the court with several cases deciding a Rule 12(c) motion on a § 1681i claim. For example, the Eastern District of Virginia held that plaintiff sufficiently had pleaded a claim under this provision by alleging that he reported an inaccuracy several times and the inaccuracy remained on his credit report. *Hintz v. Experian Info. Sols., Inc.*, No. 3:10-cv-535-HEH, 2010 WL 4025061, at *6 (E.D. Va. Oct. 13, 2010). It explained, the "decisive inquiry [when evaluating a § 1681i claim] is whether the defendant credit bureau could have uncovered the inaccuracy if it had reasonably reinvestigated the matter." *Id.* (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)). Because plaintiff had alleged that he reported an inaccuracy and it remained on his credit report, the court found "these allegations are sufficient to state a claim to relief that is plausible." *Id.*

The other cases defendant cites in its Memorandum, *see* Doc. 23 at 16, don't support its argument that the court should hold its reinvestigation practices and procedures reasonable as a matter of law. The Tenth Circuit, in *Wright*, analyzed the cost and burden placed on a CRA if it employed the procedures proposed by plaintiff at the summary judgment stage. *Wright*, 805 F.3d at 1243. After the court evaluated all the summary judgment evidence, it determined the CRA's reinvestigation reasonable for three reasons. *Id.* at 1242–43. *First*, plaintiff could not

prove that "hiring tax experts at the CRAs to examine" the tax documents at issue would have produced a different result. *Id.  Second*, the CRA could not contact the IRS, like plaintiff suggested, because the CRAs never received a release from plaintiff for his tax information. *Id.* at 1243–44.  And *third*, a reasonable reinvestigation does not require CRAs to determine the legal validity of a debt which is a "'question for a court to resolve.'"  *Id.* at 1245 (quoting *DeAndrade*, 523 F.3d at 68).  This analysis doesn't fit the facts that govern this motion. According to the Petition, defendant could discover the two credit cards were not discharged after an investigation because it was not listed on the bankruptcy filings (Doc. 1-1 at 4 ¶ 19). Here, defendant could access the bankruptcy records to verify or investigate the dispute by plaintiff (Doc. 23 at 5–6 (noting plaintiff's bankruptcy filings were public record)), unlike *Wright* where the CRA couldn't access plaintiff's IRS filings without a release.  *Wright*, 805 F.3d at 1243.  And here, defendant does not challenge the inaccuracy in plaintiff's credit report nor argue that plaintiff is asking it to determine the "legal validity" of the debt.  *See* Doc. 23.

In *Davis v. Equifax Information Services LLC*, the court granted summary judgment for a CRA after discovery showed the CRA had "contacted the original furnisher of information and forwarded the disputed information to the creditor as required by § 1681i."  346 F. Supp. 2d 1164, 1175 (N.D. Ala. 2004).  The court evaluated the summary judgment facts, which included admissible evidence establishing the procedures the CRA employed in its investigation.  *See id.* The procedures included contacting the furnisher of the information and deleting any information the CRA couldn't verify.  *Id.* at 1175.  But the facts alleged here, which govern the current analysis, establish that defendant didn't look to other sources of information or delete the information after notice by plaintiff.  Doc. 27 at 14.

Nor does the analysis in *Pembroke v. Trans Union, LLC*, apply here.  No. 16-CV-03194-CMA-STV, 2017 WL 8897173 (D. Colo. Oct. 27, 2017).  There, the Colorado federal court granted a motion to dismiss after it determined that plaintiff had failed to plead an inaccuracy and, instead, "attempt[ed] to mount an improper collateral attack on the underlying debt."  *Id.* at *8.  The court noted "if the consumer has already litigated the validity of the debt in a judicial action, he may have a valid claim under the FCRA if the CRA, upon notice of the adjudication of the debt, continues to improperly report it."  *Id.* at *7.  But here, defendant doesn't contend that plaintiff has pleaded no inaccuracy.  *See* Doc. 23.

Unlike defendant's cases, plaintiff sufficiently pleads an inaccuracy in her report.  Additionally, plaintiff alleges she notified defendant twice of the inaccuracies in her report.  The inaccuracy in her report and her notifications to defendant plead a plausible claim that defendant failed to use reasonable procedures in its reinvestigation by continuing to report inaccurate information.  Defendant must show its reinvestigation consisted of more than relying on the initial source of information after notification by plaintiff.  *See Crane*, 282 F. Supp. 2d at 317.  So, defendant is not entitled to dismissal on these facts.  The Petition's factual allegations and the reasonable inferences they permit, when viewed in plaintiff's favor, plead a plausible claim under 15 U.S.C. § 1681i.

## C.    Has Plaintiff Sufficiently Pleaded Defendant Willfully Violated the FCRA?

*Last*, the court considers whether plaintiff sufficiently has pleaded willful violations of the FCRA.  Defendant argues it "cannot have willfully violated § 1681e(b) by simply reporting the data it received from the Bank of Missouri, because courts have repeatedly found this reasonable as a matter of law."  Doc. 23 at 17.  Plaintiff responds, asserting that the "willfulness" issue is one that the court cannot resolve at the Rule 12(c) stage (or on a motion to dismiss).

Doc. 27 at 20–21.  Plaintiff also argues that defendant's "parroting" information from furnishers creates a substantial risk to consumers.  *Id.* at 18–20.  Defendant does not respond to plaintiff's argument that willfulness requires a fact-based analysis best determined by a jury.  *See* Doc. 31.

The FCRA does not define willful, providing simply that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer" for additional damages.  15 U.S.C. § 1681n(a).  Our Circuit defines a "'willful' violation [as] either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA."  *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–58 (2007)).  The Circuit also explains that "[r]ecklessness is measured by 'an objective standard:  action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  *Id.* (quoting *Safeco*, 551 U.S. at 68).  "'[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'"  *Id.* (quoting *Safeco*, 551 U.S. at 69); *see also Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1183–84 (10th Cir. 2013) (affirming decision granting summary judgment against willful violation claim after the plaintiff failed to introduce evidence showing defendant's delay in removing the inaccurate information was caused by recklessness).  *But see Burns v. Trans Union, LLC*, No. 4:18-03120-MGL, 2019 WL 3890833, at *3 (D.S.C. Aug. 19, 2019) ("As a consumer, [plaintiff] is unable to plead [furnisher]'s specific errors during their internal investigation without discovery.") (citing *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018)).  The District of South Carolina reasoned that requiring plaintiffs to plead

specific instances or errors during an investigation created too high a burden "in light of the limited information available to [plaintiff] at this stage of litigation." *Id.* at \*4.[4]

The court does not view these authorities as inconsistent with the pleading duties imposed in *Twombly* and *Iqbal*. "A defendant's willfulness must be adequately pled in the complaint for a plaintiff to sustain her cause of action." *Rawlings v. ADS Alliance Data Sys., Inc.*, No. 2:15-cv-04051-NKL, 2015 WL 3866885, at \*5 (W.D. Mo. June 23, 2015). "'[A]ssertions that [a defendant] was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.'" *Id.* (quoting *Miller v. Quest Diagnostics*, 2:14-CV-04278-SRB, 85 F. Supp. 3d 1058, 1059–61 (W.D. Mo. Jan. 28, 2015)); *see also In re TJX Co., Inc.*, No. 07-md-1853-KHV, 2008 WL 2020375, at \*2 (D. Kan. May 9, 2008) (denying defendant's motion to dismiss willfulness claim because "complaint alleges that defendants recognized their statutory duty to limit the information which appeared on customer receipts, but intentionally ignored that duty and refused to take steps to comply with [Fair and Accurate Credit Transactions Act] regulations."). "Since they frequently involve facts beyond the pleadings, issues of willfulness often cannot be resolved at the motion to dismiss stage." *Lavery v. RadioShack Corp.*, No. 13-cv-05818, 2014 WL 2819037, at \*2 (N.D. Ill. June 23, 2014).

    *i.*    *Willful Violation of § 1681e's Maximum Possible Accuracy Requirement*

Defendant argues, as a matter of law, that plaintiff cannot establish a willful violation of § 1681e because defendant merely reported information provided by Bank of Missouri about

---

[4]    *See also Tillman v. Equifax Info. Servs., LLC*, No. 19-12860, 2020 WL 249004, at \*4 (E.D. Mich. Jan. 16, 2020) ("[T]he plaintiff is not required at the pleading stage to recite an exhaustive inventory of information overlooked or a litany of steps not taken by the defendant during its investigation. Such a requirement would hold plaintiffs to an impossible standard of pleading, since information about the conduct of the investigation is at this stage of the case exclusively within the knowledge of the defendant.").

plaintiff's two credit cards.  Doc. 23 at 17.  It argues courts have found accurately reporting information from furnishers is "reasonable" without prior notice of systematic issues or inaccuracies and, so, plaintiff is required to plead additional facts supporting a willfulness violation.  *See id.*

Plaintiff responds that defendant's failure to employ procedures similar to *White* showed a "willful disregard of reasonable procedures to ensure maximum possible accuracy."  Doc. 27 at 10 (citing *Safeco Ins. Co.*, 551 U.S. 47).  Since defendant already employs procedures in Chapter 7 pre-petition debts that could have prevented plaintiff's inaccurate credit report, plaintiff contends it was reckless not to employ those procedures for plaintiff's Chapter 13 post-petition debts.  *See id.*

At this stage, the court may infer defendant's inaccurate reporting resulted from willful or reckless disregard of FCRA's requirements.  *See Birmingham*, 633 F.3d at 1009.  And, the court may infer from the Petition's allegations—construed in plaintiff's favor—that defendant relied upon procedures it knew or should have known presented an undue risk of inaccuracies because it already employed additional procedures and protections for Chapter 7 pre-petition debts under *White* because of similar risks.  The court thus denies defendant's motion on the § 1681e willfulness violation.

ii.      *Willful Violation of § 1681i's Reasonable Reinvestigation Requirement*

Defendant argues it "cannot have willfully violated the FCRA" because it is "not required to engage in an individualized and legally complicated review of bankruptcy dockets and similar legal proceedings to form its own conclusions about the debt's technical legal status."  Doc. 23 at 17.  Plaintiff responds that her bankruptcy attorney notified defendant of the inaccuracy (*see* Doc. 1-1 at 4 ¶ 28) and "[defendant] failed to give this correspondence the credit it was due."

Doc. 27 at 19.  Plaintiff alleges, "[a]t a minimum [defendant] should have deleted the accounts, but it also failed to do that."  *Id.*  Plaintiff argues "[t]here can be no excuse for ignoring a dispute which included information taken directly from Plaintiff's bankruptcy and supplied by Plaintiff's bankruptcy attorney."  *Id.* at 18.  Instead, plaintiff alleges defendant "engaged in the practice of parroting its information furnisher, a practice which leads to an unjustifiably high risk of harm that [defendant] is well aware of."  *Id.*  Defendant does not dispute that plaintiff alleges she notified defendant of the inaccuracy in her credit report.  Nor does defendant deny plaintiff alleges that defendant relied solely on Bank of Missouri's reporting even after the notice by plaintiff's bankruptcy attorney.  Instead, defendant simply argues that such conduct cannot constitute unreasonable reinvestigation measures.  *See* Doc. 23.

"[O]nce a claimed inaccuracy is pinpointed, a consumer reporting agency conducting further investigation incurs only the cost of reinvestigating that one piece of disputed information."  *Cushman*, 115 F.3d at 225.  "[T]he caselaw is clear that a reporting agency does not act reasonably under the FCRA by deferring entirely to another source of information.  The grave responsibility imposed by [the FCRA] must consist of something more than merely parroting information received from other sources."  *Centuori v. Experian Info. Sols., Inc.*, 431 F. Supp. 2d 1002, 1008 (D. Ariz. 2006).  Once a consumer disputes a reporting, a CRA must look beyond the information from the creditor to meet its statutory duties under § 1681i.  *See Dixon-Rollins v. Experian Info. Sols., Inc.*, 753 F. Supp. 2d 452, 459 (E.D. Pa. Sept. 23, 2010) ("[T]he Third Circuit recently confirmed that a reasonable reinvestigation 'must mean more than simply . . . making only a cursory investigation into the reliability of information that is reported to potential creditors.'") (quoting *Cortez*, 617 F.3d at 713).  "A reasonable jury could find that a knowing violation of the FCRA was the result of defendants' 'parroting information received

from other sources.'"  *Campbell v. Chase Manhattan Bank, USA, N.A.*, No. 02-3489(JWB), 2005 WL 1514221, at *16 (D.N.J. June 27, 2005), *reconsidered on other grounds*, 2005 WL 1924669 (D.N.J. Aug. 10, 2005).

At this stage, plaintiff sufficiently pleads a willfulness violation of § 1681i because she alleges she notified defendant of the inaccuracy and defendant continued inaccurately reporting the two credit cards as discharged.  Taking all the facts pleaded as true, as it must, the court holds plaintiff has pleaded sufficiently that defendant willfully violated § 1681i when it relied solely on Bank of Missouri's report even after notice from plaintiff it was inaccurate.  The court thus denies defendant's motion to dismiss the willfulness violation of § 1681i.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Judgment on the Pleadings (Doc. 22) is denied.

**IT IS SO ORDERED.**

**Dated this 18th day of November, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**